# EXHIBIT A

1

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT

ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATION, )
                               )
     Plaintiff,                )
                               )
     vs.                       )     No. 11-L-683
                               )
JOHN DOE,                      )
                               )
     Defendant.                )


REPORT OF PROCEEDINGS

Before the HONORABLE ROBERT P. LECHIEN, Circuit Judge

June 4, 2012

APPEARANCES:

    MR. KEVIN T. HOERNER, Attorney at Law
        On Behalf of the Plaintiff; and,

    MR. JOHN D. SEIVER & MR. ANDREW G. TOENNIES
    Attorneys at Law
        On Behalf of the Defendant Comcast (A Non-Party).

MARY JO JALINSKY, CSR
Official Court Reporter
C.S.R. License No. 084-003202

1    So I think based upon the repeated representations that
2    Comcast stands ready and willing to comply with your court
3    orders, for the multiple times we've heard that during the
4    various hearings we've had since April 12th, but most
5    importantly, because they admit to you that they have the
6    information, I think that they should be required to comply
7    with your April 12th order, and that this motion for
8    clarification, which it is not, should be properly denied.
9         Thank you.
10             THE COURT:  Would you like to finish it off?
11             MR. SEIVER:  Just briefly, Your Honor.  Thank you.
12   It is true that the motion is titled for clarification and it
13   had to do with the timing of production, but we also asked
14   separately for the application of the subscriber protections
15   outlined in the court's sua sponte order.  So we recognize
16   there was two aspects to the motion, Your Honor.  I understand
17   Mr. Horner has said -- which has been repeated in this case --
18   is that the ISP does not have standing to seek protection of
19   subscriber privacy.  I disagree with that, and we have briefed
20   that under the Cable Act, that we have an obligation to
21   protect subscriber privacy, and that's what's driven us, you
22   know, through this particular stage of litigation.
23        As far as what --
24             THE COURT:  Okay, stop right there.  What is it --

1  why do you think that you are given standing to assert the
2  privacy issues regarding the subscribers and the method that
3  given the subpoena and its purpose and its authority, what
4  does -- how far does this protection of privacy take me down
5  the road of examining your protestations regarding the merits
6  of the case?  Because that's the -- seems to me to be the only
7  reason that you're saying -- that you're talking about
8  privacy, because privacy would have to be from something that
9  an average person wouldn't want to be disclosed, a reasonable
10 man sort of standard.  Yet, that has been ordered.
11     What I don't understand is where and why your industry,
12 and Comcast, in particular, has taken the position that it is
13 not a waste of time and a sanctionable conduct on the ISP's
14 part for asserting these repetitively and past the point of
15 giving the court any new information.
16     I am going to deny your motion.  I am going to require
17 you to do what was agreed to after the motion to quash was
18 denied.  I am going to take a look at and provide all of the
19 protections that are appropriate to the Comcast subscribers
20 who have responded and will respond over the course of the
21 next few weeks.
22     I note that I saw a deadline for filing of a motion to
23 quash by attorneys, by sua sponte -- I mean, by pro se
24 litigants.  And I'm not sure if that's the Comcast letter or

19

1    THE COURT:  No, what irritates me is the notion that
2 somehow I'm participating in a shakedown.
3    MR. SEIVER:  No, Your Honor.
4    THE COURT:  Which is --
5    MR. SEIVER:  Please, I'm not suggesting that.
6    THE COURT:  What you have joined in when that's
7 what's the -- that's the explicit statement of the other group
8 in their pleadings to the Supreme Court, that somehow I have
9 acted to aid and abet the extortion of money from innocent,
10 frightened IP subscribers.  And I recognize what you have
11 called the trend.  That doesn't mean anything to me, because I
12 don't believe anybody when I've got the job do myself.
13    I'm sure you're the same way about your lawyering.
14 Unless you have absolutely a loyal -- somebody working for
15 you, you do your work, and I'll do mine.
16    I have pointed out that it would be the easiest matter
17 for me, and for Tina, and for everybody in this courthouse to
18 have said, oh, no, that's just too much work, and, oh, boy,
19 there's a threat here that the plaintiffs are bad boys because
20 they seek damages from others.
21    But anyhow, the why part still is out there for me, and
22 it doesn't include the merits, arguments regarding what
23 subscribers may say, because that isn't your business.  You're
24 not about to take that position with your subscribers because

1  you don't like your subscribers when they don't provide their
2  money to you or otherwise behave as subscribers.  So you are
3  adverse to your subscribers many occasions all the time, and I
4  don't accept you as their surrogate, or their father, or
5  brother, or volunteer uncle for the -- or guardian angel for
6  the individual people who are a matter of -- that stand as
7  those who need to respond in court like anybody else to a
8  subpoena or to object like anybody else and have their
9  objections heard.
10            MR. SEIVER:  Well, Your Honor, I had hoped that at
11 least we would get the same treatment for Your Honor's review,
12 which is I guess a merits review about how the T.H.I.E.F.
13 software works and the evidentiary issues concerning the test
14 for admissibility and conclusions and --
15            THE COURT:  Well, you wouldn't.  Why would you?  That
16 is an issue down the road for those who are defendants.
17            MR. SEIVER:  But, Your Honor, that's how you're
18 dealing with the objecting ISP subscribers.  They're not
19 giving their names and addresses to plaintiffs.
20            THE COURT:  Yeah, and that's my idea, and that's --
21            MR. SEIVER:  I guess I didn't understand --
22            THE COURT:  That doesn't control your behavior now,
23 what curiosity I have down the road about this case.  This
24 case is one that I intend to try to work through from