# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | **Sitting Judge if Other than Assigned Judge** | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1535 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Pacific Century International, Ltd. Vs. Does 1-25 | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Compel Compliance with Subpoena [14] is granted to the extent stated below. Plaintiff's Motion to Strike Comcast's Memorandum in Opposition to Motion to Compel Compliance with Subpoena [25] is denied.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Pacific Century International Ltd. (Pacific Century) moves pursuant to Federal Rule of Civil Procedure 45(c)(2)(B) to compel Comcast Cable Communications LLC (Comcast) to comply with a subpoena requiring Comcast to turn over the identities of persons believed to be engaging in unlawful copyright infringement. This case has been referred to the undersigned magistrate judge by district court judge Elaine E. Bucklo for supervision and resolution of all pretrial matters. Docs. 9, 11. For the reasons and to the extent stated below, Pacific Century's motion to compel is granted.

### Background

Pacific Century is a producer of adult videos. In this lawsuit, Pacific Century alleges that Defendant Does 1-25 illegally reproduced and distributed its copyrighted adult video called "Amateur Creampies – Nicole Aniston (Part 2)" (the Video) amongst each other using BitTorrent technology. BitTorrent is a modern file sharing method used for distributing data via the Internet. BitTorrent works by "breaking a single large file into many pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file." Cmplt. at ¶ 17. Each individual user can then "download missing pieces of the file from multiple sources–often simultaneously–which causes transfers to be fast and reliable." Id. Pacific Century's complaint asserts claims of copyright infringement and civil conspiracy.

Pacific Century identified the Internet Protocol (IP) addresses of the anonymous defendants and with leave of court issued a subpoena to Comcast, an internet service provider, seeking identifying information associated with internet service account subscribers including name, current (and permanent) address, telephone number, e-mail address, and Medical Access Control address. Doc. 13. Pacific Century seeks the actual names of the Doe Defendants to personally name them as Defendants. On March 14, 2012, Comcast was served with a subpoena. By letter dated March 21, 2012, Comcast objected to Pacific Century's subpoena requesting the identities of the twenty-five Doe Defendants. On April 24, 2012, Pacific Century filed the instant motion seeking an order compelling Comcast to comply with the subpoena. The motion is now fully briefed and

| STATEMENT |
|---|

ripe for decision.

## Discussion

Rule 45 of the Federal Rules of Civil Procedure governs the issuance and enforcement of subpoenas issued to non-parties. It requires an issuing court to quash or modify a subpoena that: (1) fails to allow a reasonable time for compliance; (2) requires a non-party to travel more than 100 miles (except to attend a trial within the state where the trial is held); (3) requires disclosure of privileged or other protected information, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

Comcast objects to Pacific Century's subpoena on two grounds. Comcast first argues that the subpoena should be quashed because the 25 John Doe defendants have been improperly joined in a single action. Comcast also argues that it should not be required to comply with the subpoena because Pacific Century is engaged in abusive litigation tactics to extract settlements from John Doe defendants. Both of Comcast's objections are considered in turn below.

### A. Single Swarm Joinder Theory

Under Rule 20 of the Federal Rules of Civil Procedure, joinder of multiple defendants into one action is proper if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) & (B). Comcast's misjoinder argument focuses on Pacific Century's purported failure to meet the same transaction or occurrence (or series thereof) requirement of Rule 20(a)(2)(A).

As an initial matter, the Court questions whether non-party Comcast has standing to raise the issue of misjoinder on behalf of its subscribers as a basis for quashing the subpoena. Misjoinder is not one of the grounds on which a non-party may move to quash or modify a subpoena under Rule 45. Fed. R. Civ. P. 45(c)(3). Moreover, misjoinder is not a sufficient basis to quash a subpoena. The appropriate remedy for improper joinder is to sever the parties, not quash the subpoena. See Fed. R. Civ. P. 21. It seems that the joinder argument ought to have been made in a motion for severance by Defendant(s). Nevertheless, since the issue has been briefed, the Court considers Comcast's improper joinder argument.

Even if Comcast's misjoinder argument is properly raised here, it is unavailing. The assigned district judge has considered this precise issue in holding that joinder of John Does was appropriate in a case involving file-sharing via BitTorrent protocol. First Time Videos, LLC v. Does 1-76, 276 F.R.D. 254, 257-58 (N.D. Ill. 2011). In addition, Judge Leinenweber recently granted Pacific Century the precise relief sought in its instant motion, finding as to the first requirement for joinder that at the early stage of the litigation, Pacific Century's allegation that the anonymous defendants participation in the same "swarm" sufficiently alleged that they were involved in a "series of transactions" to warrant joinder under Rule 20. Pacific Century Int'l v. Does 1-31, 2012 WL 2129003, at *2 (N.D. Ill. June 12, 2012).

"[T]here is a split of authority over whether it is appropriate to join many anonymous defendants alleged to have participated in a single downloading 'swarm' in a single suit." Pacific Century Int'l, 2012 WL 2129003, at *2 (listing cases). This Court agrees with and adopts the reasoning of the assigned district judge in First Time Videos v. Does 1-76 and Judge Leinenweber in Pacific Century v. Does 1-31 as it pertains to the joinder issue at this preliminary stage of the litigation. Like the assigned district judge, this Court finds that joinder of Does 1-25 as defendants is proper at this initial stage of the case where the complaint alleges that the defendants intentionally entered and participated in a single BitTorrent swarm that was formed for the purpose of exchanging pieces of the Video file that was unique to the swarm.

| STATEMENT |
|---|

Comcast argues that the complaint's admission that the illegal activity of the different IP addresses occurred on different days and times over a three month period negates Pacific Century's allegation that all of the Doe Defendants were part of a single swarm or transaction. A swarm is the "group of peers involved in downloading/distributing a particular file." Cmplt. at ¶ 18. In its complaint in this case, Pacific Century explicitly alleges that all the Defendants participated in the same, single swarm that was formed for the purpose of exchanging pieces of the Video that was unique to the swarm. Id. at ¶ 9. The complaint states that "Defendants in this action joined in one swarm." Id. The fact that alleged illegal activity occurred over a three month time period is not inconsistent with Pacific Century's allegation of a single swarm. As the complaint explains, when the downloading of the Video to a single user is complete, the "BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same." Id. at ¶ 19. Pacific Century says that it is common for individuals to stay within a single swarm and contribute to the infringement for days, weeks, or even months at a time. Doc. 25 at 6. Joinder is also not undermined by the fact that a swarm can last for many months or longer. Patrick Collins, Inc. v. Does 1-2,590, 2011 WL 4407172, at *5 (N.D. Cal. Sept. 22, 2011) (noting that some swarms last for "6 months to well over a year depending on the popularity of a particular motion picture."). Rule 20 "does not have as a precondition that here be temporal distance or temporal overlap; it is enough that the alleged BitTorrent infringers participate in the same series of uploads and downloads in the same swarm." Patrick Collins, Inc. v. John Does 1-21, 2012 WL 11908740, at *8 (E.D. Mich. April 5, 2012).

Comcast also appears to assert that Pacific Century does not satisfy the "transaction" or "occurrence" requirement for permissive joinder because its allegations are insufficient to support concerted action. Comcast suggests that the complaint's allegation that the illegal downloads took place over a three month period on different days and times does not support an inference that Defendants acted in concert. In First Time Videos, LLC, the assigned district judge held that an allegation that downloading took place over the space of more than a month did not make joinder inappropriate because the "nature of the BitTorrent distribution protocol necessitates a concerted action by many people in order to disseminate files . . . and Defendants intentionally engaged in this concerted action with other Defendants by entering the torrent swarm." First Time Videos, LLC, 276 F.R.D. at 257. Pacific Century's allegation that Defendants engaged in a series of transactions over more than three month period to illegally reproduce and distribute the Video by acting in concert via the BitTorrent file sharing technology is similarly sufficient to meet the common transaction or occurrence test for permissive joinder. See also Hard Drive Productions, Inc. v. Does 1-55, 2011 WL 4889094, at * (N.D. Ill. Oct. 12, 2011) (holding that at the pleading stage, "Hard Drive's allegations that Does 1-55 have infringed Hard Drive's copyright through BitTorrent – the nature of which necessitates a concerted action by many people in order to disseminate files – is sufficient to satisfy Rule 20(a)."); Patrick Collins, Inc. v. Does 1-2,590, 2011 WL 4407172, at *6 (N.D. Ill. Aug. 24, 2011) (finding that "Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of 'same transaction, occurrence, or series of transactions or occurrences' for purposes of Rule 20(a)(1)(A).").

Pacific Century's allegations also satisfy the second permissive joinder requirement of common questions of law and fact–namely, whether Pacific Century is the owner of the copyrighted work at issue; whether copying has occurred within the meaning of the Copyright Act; whether entering a torrent swarm constitutes a willful act of infringement; whether entering a torrent swarm constitutes a civil conspiracy; and whether and to what extent Pacific Century has been damaged by the Defendants' conduct. First Time Videos, LLC, 276 F.R.D. at 257-58.

Judge Holderman's recent decision in Pacific Century Int'l, Ltd. v. John Does 1-37, 2012 WL 1072312 (N.D. Ill. March 30, 2012), does not compel a different result. Judge Holderman ruled in relevant part that Pacific Century was entitled to discover the identity of the party defendant. Id. at *5 (stating "[t]here are no relevancy concerns related to that subpoena, because the IP address about which the plaintiffs are seeking information is already a defendant."). As to the identity of non-party subscribers, Judge Holderman found that "subpoenas seeking the identity of users of non-party IP addresses are not reasonably calculated to lead to the

| STATEMENT |
|---|

discovery of evidence relevant to the pending claims." Id. at *4.  That issue is not presented in this case because Pacific Century's subpoena is not seeking the identities of non-parties.

"Beyond 'the two requirements of Rule 20(a)(2), the Court also considers whether joinder would prejudice any party or result in needless delay." First Time Videos, LLC, 276 F.R.D. at 257.  Citing Pacific Century's "litigation strategy" which supposedly precludes consideration of joinder issues at a later point in the proceedings on a more developed factual record, Comcast contends that "principles of fundamental fairness and judicial economy require that permissive joinder not be allowed in this case."  Doc. 24 at 7-8.  This Court agrees with the magistrate judge in Patrick Collins, Inc. v. Does 1-2,590, 2011 WL 4407172, at *7 (N.D. Cal. Sept. 22, 2011) that "[j]oinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants" because it allows the defendants to see the defenses that other John Does have raised.  See also First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241, 253 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) (finding joinder at this stage promotes judicial economy while protecting the interests of the parties for a just, speedy, and inexpensive outcome).  Pacific Century also alleges that it is likely that multiple IP addresses are in fact a single individual user.  Cmplt. at ¶ 11.  Pacific Century says that in a prior case, a single individual was associated with nearly one-third of the IP addresses contained in an initial complaint.  Id.  Joining identical claims against a single individual in one case would obviously conserve resources.  Moreover, the Doe Defendants will not be prejudiced by allowing joinder at this initial stage of the proceedings because the Court remains open to considering any arguments against joinder later raised by Defendants.  As in First Time Videos, the Court's joinder determination "does not entirely foreclose the possibility that certain of the defendants might be able at a later time to identify factual differences that would warrant severance from this action."  Id. at 258; MGCIP v. John Does 1-316, 2011 WL 2292958, at *2 (N.D. Ill. June 9, 2011) (Kendall, J.) (noting the putative defendants may re-raise the issue of improper joinder should they become named defendants in this case.").  The Doe Defendants will also be given an opportunity to object to the subpoena before Comcast discloses their identity, as explained below.

**B.    Pacific Century's Litigation Tactics**

Comcast next argues that Pacific Century and other producers of pornographic movies are improperly using a Doe defendant's concern with being publicly charged with downloading pornographic films to coerce a settlement.  Comcast quotes the following from a Northern District of California case to support its position that Pacific Century is using unfair litigation tactics in these cases:

> Copyright infringement cases such as this ordinarily maintain a common arc:  (1) a plaintiff sues anywhere from a few to thousands of Doe defendants for copyright infringement in one action; (2) the plaintiff seeks leave to take early discovery; (3) once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand; (4) the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle.  Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements – a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identifies of alleged infringers.

MCGIP, LLC v. Does 1-149, 2011 WL 4352110, at *4 n.5 (N.D. Cal. Sept. 16, 2011).  Comcast made the exact same argument before Judge Leinenweber in Pacific Century Int'l, 2012 WL 2129003, at *2.  This Court finds Judge Leinenweber's reasoning persuasive and therefore applies the same reasoning here.

In Pacific Century Int'l, Judge Leinenweber recognized the tension between facilitating efficient litigation and the "concern that fear of being name in such suits, along with the unsavory litigation tactics sometimes employed in similar cases, will unfairly coerce settlements from even innocent defendants."  Pacific Century Int'l, 2012 WL 2129003, at *3.  Although not "insensitive to the risks of coercion and abusive litigation tactics" in

**STATEMENT**

similar cases, the district court noted that discovery of the John Does identifying information was "necessary for the case to proceed (as it would be had the Court severed the defendants)." Id. Judge Leinenweber then arrived at a notice and objection procedure that adequately protected the defendants. Comcast was ordered to provide notice to the individual Doe defendants *before* identifying information was turned over to Pacific Century and the Doe defendants were allowed to file objections and appropriate motions before that information was turned over. Id.; see also Digital Sin, Inc. v. Does 1-176, 2012 WL 263491, at *6 (adopting similar procedures). Accordingly, Comcast is given 30 days to identify the relevant Does and provide them with notice of the litigation and subpoena, along with a copy of this order. Those defendants have 30 days from the date that they receive the subpoena to file an objection or other appropriate motion with this Court. Only after such objections are resolved and if ordered by the Court is Comcast to turn over responsive identifying information to Pacific Century.

**Conclusion**

For these reasons and subject to the limitations set forth above, Pacific Century's motion to compel compliance with subpoena is granted.